UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TONY JOSEPH TABOR | CIVIL ACTION NO. 18-1308 |
| | SECTION P |
| VS. | |
| | JUDGE S. MAURICE HICKS, JR. |
| VINCENT COLEMAN, ET AL. | MAG. JUDGE KAREN L. HAYES |

**REPORT AND RECOMMENDATION**

Plaintiff Tony J. Tabor, a prisoner at David Wade Correctional Center proceeding pro se and in forma pauperis, filed the instant proceeding on October 4, 2018, under 42 U.S.C. § 1983. He names Vincent Coleman as Defendant.[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons, it is recommended that, with the exception of Plaintiff's excessive force claim, Plaintiff's claims be dismissed.[2]

**Background**

Plaintiff, who suffers from bipolar disorder, post-traumatic stress disorder, depression, and Guillain-Barre Syndrome ("GBS"), alleges that, on an unknown date in 2017, Defendant Coleman instructed him to "come to the cell bars" and then sprayed him with an excessive, "non-policy" amount of chemical agent in the eyes, nose, and mouth. [doc. #s 1, pp. 3-5; 11, p. 1]. Plaintiff alleges that he never posed a threat to anyone and that Coleman sprayed him after accusing Plaintiff of "yelling out of his cell." [doc. # 11, p. 1].

---

[1] On November 23, 2018, Plaintiff voluntarily dismissed his claims against Defendants Jerry Goodwin and Lonnie Nail. [doc. # 11, p. 3].

[2] The undersigned directed the Clerk of Court, in a separate Memorandum Order, to serve Plaintiff with summons forms for the additional claim.

Plaintiff began rinsing his face in the toilet, but Coleman returned and sprayed him again, allegedly stating, "I told you to hold the noise . . . ." [doc. #s 1, p. 4; 11, p. 1]. Plaintiff "reacted by fanning his large bath towel to protect his life . . . ." [doc. # 11, p. 1].

Plaintiff also claims: (1) that, because he exercised his freedom of speech and association, he endured retaliation; (2) that his right to practice his religion was violated "while on 34 [sic] for thirty days" because he lacked a Bible; (3) that he was "placed on thirty-four [sic] for 30 days," without exercise, sanitation, a mattress, or adequate clothing; and (4) that he was deprived of sleep while on "34" because he lacked a mattress and adequate clothing. [doc. # 1, p. 5]. He explains that "'34' occurs when an offender is placed in a paper gown for thirty days without personal property, without recreation, without bedding, [and] without the use of the phone." [doc. # 11, p. 2]. He was placed on "34" because he fanned his bath towel after Coleman sprayed him. *Id.* He adds that Coleman was aware of his physical and mental conditions. [doc. # 1, p. 5].

Plaintiff asks the Court to demote Defendant, and he seeks $100,000.00, $250.00 for each day that he was deprived of bedding, and an injunction prohibiting Coleman from using a "chemical agent to harm anyone else." [doc. #s 1, p. 7; 11, p. 4].

Plaintiff filed a "Motion for Protective Order" on October 26, 2018, reiterating that Coleman sprayed him with a chemical agent and claiming that he fears that Coleman will spray him again. [doc. # 5, p. 2]. He asks the Court to protect him "from all physical and or mental harm" and to prevent Coleman from interacting with him unsupervised. *Id.* at 3. Plaintiff maintains that he will prove his allegations "upon discovery." *Id.* at 2.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. Retaliation**

Plaintiff writes, without elaboration, "Retaliation for exercisement [sic] of freedom of speech and association." [doc. # 1, p. 5]. To prevail on a retaliation claim, a plaintiff must prove: (1) the exercise of a specific constitutional right; (2) the defendants' intent to retaliate for the exercise of that right; (3) a retaliatory adverse act; and (4) causation, which in this context means that, but for the retaliatory motive, the complained of incident would not have occurred. *McDonald v. Steward*, 132 F.3d 225, 2331 (5th Cir. 1998). Courts must "carefully scrutinize" retaliation claims to "assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them." *Woods v. Smith*, 60 F.3d

4

1161, 1166 (5th Cir. 1995).[4]

A plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may be plausibly inferred. *Woods v. Smith*, 60 F.3d 1161 (5th Cir. 1995). "Mere conclusory allegations of retaliation are insufficient[,] . . . a plaintiff must allege more than his personal belief that he has been the victim of retaliation." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). With respect to the third prong above, "Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Smith v. Hebert*, 533 F. App'x 479, 482 (5th Cir. 2013).

Here, Plaintiff's claim is entirely conclusory. As above, Plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. This claim should be dismissed on this basis.

Plaintiff's claim should also be dismissed because he does not plausibly allege that he exercised a specific constitutional right. He does not specify whether the act of retaliation for which he seeks relief was Coleman spraying him with a chemical agent, Coleman placing him on "34," or both. He also fails to specify whether Coleman retaliated because he was "yelling" or because he fanned his towel. While Plaintiff suggests that Coleman retaliated because he was yelling—in that he claims that Coleman retaliated because he exercised his "freedom of speech"—he does not, despite the undersigned instructing him to clarify his allegation, identify the content of his speech, the individuals to whom he directed his speech, the manner in which he

---

[4] "The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." *Id.* (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir.1994)).

spoke, or the context in which he spoke.

"[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Freeman v. Texas Dep't of Criminal Justice*, 369 F.3d 854, 863 (5th Cir. 2004). A prisoner "must do more than point to the existence of a generic First Amendment right. He must also establish that he exercised that right in a manner consistent with his status as a prisoner." *Id.* at 864.

In *Freeman*, the Fifth Circuit recognized that prison authorities may "circumscribe the manner in which a grievance or criticism right is exercised." *Id.* The plaintiff there claimed that the defendants retaliated after he publicly criticized a prison chaplain, but the Fifth Circuit found that "[p]rison officials may legitimately punish inmates who verbally confront institutional authority without running afoul of the First Amendment." *Id.* (citing *Goff v. Dailey*, 991 F.2d 1437, 1439 (8th Cir. 1993) (recognizing that a "prison has a legitimate penological interest in punishing inmates for mocking and challenging correctional officers by making crude personal statements about them in a recreation room full of other inmates")). The court concluded that the plaintiff's public rebuke was "inconsistent with his status as a prisoner and [was] not afforded First Amendment protection." *Id.*

Here, without more, Plaintiff's generic allegation of "yelling," even accepted as true and construed in his favor, does not reflect the exercise of a specific constitutional right. Rather, the conclusory allegation suggests that the manner in which he presented his speech was inconsistent with his status as a prisoner and, therefore, that his alleged speech is not afforded First Amendment protection. See *Cardona v. Tuite*, 258 F. App'x 643, 644 (5th Cir. 2007) (finding,

because the prisoner did not utilize the internal grievance process, that a prisoner did not exercise a First Amendment right when he informed an officer that he disagreed with the officer's order to wear his cap "frontwards.").

### 3. Deprivation of a Bible and Unsanitary Conditions

Plaintiff alleges, without expounding: "Violation of my right to practice my religion while on 34 for thirty days with no bible . . . . [sic]" [doc. # 1, p. 5]. Likewise, he alleges: "eighth amend for deprivement of . . . sanitation . . . . [sic]" *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. To reiterate, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662.

Here, Plaintiff's laconic allegations do not disclose enough facts to state plausible claims. Accordingly, the claims should be dismissed.

### 4. Change in Custodial Classification

Plaintiff alleges that he was "placed on thirty-four [sic] for 30 days," without exercise, sanitation, a mattress, or clothing. [doc. # 1, p. 5]. He explains that "'34' is when an offender is placed in a paper gown for thirty days without personal property, without recreation, without bedding, [and] without the use of the phone." [doc. # 11, p. 2]. To the extent Plaintiff seeks relief solely for his placement on "34"—rather than for the conditions he endured[5] on "34"—he fails to state a plausible claim.

---

[5] Below, the undersigned addresses the conditions Plaintiff allegedly endured on "34."

"'Inmates have no protectable property or liberty interest in custodial classifications.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998)). "Indeed, 'absent exigent circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest.'" *Id.* (quoting *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998)); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("[A]dministrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest.").

Here, under Plaintiff's definition, "34" is comparable to either administrative segregation or suicide watch.[6] The undersigned, however, need not determine the exact title of his custodial classification because it suffices that he asks the Court to change it. As Plaintiff presents no exigent circumstances, alleges no atypical or significant hardships, and relies on a non-existent legal interest, this claim should be dismissed.

**5. Demoting Defendant**

Plaintiff asks the Court to demote Defendant. [doc. # 1, p. 7]. Federal courts are not prison managers or personnel directors. See *Hurrey v. Unknown TDCJ Corr. Officer A*, 2009 WL 3645638, at *2 (N.D. Tex. Nov. 4, 2009). Courts "will not interfere in the administration of prisons absent an abuse of the wide discretion allowed prison officials in maintaining order and discipline." *Royal v. Clark*, 447 F.2d 501, 501-02 (5th Cir. 1971). The Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison

---

[6] Plaintiff's description also reflects what some facilities refer to as closed custody restriction, closed cell restriction, lockdown, extended lockdown, "the hole," solitary confinement, or isolation.

administration." *Shaw v. Murphy*, 532 U.S. 223, 230 (2001); see *Turner v. Safley*, 482 U.S. 78, 84-85 (1987). Here, accordingly, Plaintiff's request should be denied.

**6. Deprivation of Bedding, Clothing, Exercise, and Telephone Access**

Plaintiff alleges that he was "placed on thirty-four [sic] for 30 days," without exercise, a mattress, or adequate clothing. [doc. #s 1, p. 5; 11, p. 2]. The lack of a mattress, along with his inadequate clothing, caused him to lose sleep. *Id.* He also alleges, generally, that inmates lack "the use of the phone" when on "34." [doc. # 11, p. 2].

These claims should be dismissed as duplicative and, therefore, malicious and frivolous. "IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). Likewise, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (internal quotation marks omitted); see *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d).").

Here, Plaintiff's allegations are substantially similar to, and arise from the same series of events as, allegations he raised in another pending proceeding: *Tony J. Tabor v. Jerry Goodwin, et al.*, No. 18-621 (W.D. La. 2018). There, Plaintiff alleges that he is enduring "extreme living conditions" at David Wade Correctional Center which "exacerbate [his] pre-existing mental illness." *Id.* at Doc. No. 19. He claims that he has been held in "prolonged solitary confinement

9

or extended lockdown for over five years without being able to go outside for weeks." *Id*. Further, he claims that he has "very little human contact," that he is only allowed to use a telephone once each month for ten minutes, that he is only allowed one hour per week of outdoor recreation, that he has been placed in his cell without adequate clothing or a mattress "during the coldest of the winter months for . . . thirty days at a time," and that the conditions he endures cause him to lose sleep. *Id.*

Here, Plaintiff seeks relief for the conditions he endured on "34" for only thirty days, whereas the conditions he endured in solitary confinement in the previous proceeding have continued for five years. However, he claims in the previous proceeding that he is often placed in a cell without clothing or a mattress—which causes him to lose sleep—for thirty-day intervals. Thus, it appears that, in this proceeding, he seeks relief for one of the repeating thirty-day intervals he references in the previous proceeding.

Moreover, Plaintiff filed the previous proceeding on May 7, 2018, complaining of conditions existing in the past five years, and in the instant proceeding he suggests that he was placed on "34" on an unknown date in 2017. This is further corroboration that the claims raised here duplicate, or closely approximate,[7] the claims in the previous proceeding.[8]

---

[7] Plaintiff's allegations concerning lack of both exercise and telephone access differ slightly from his allegations in the previous suit. For example, he alleges in this proceeding that "34" is "when an offender is . . . without recreation . . . [and] without the use of the phone," [doc. # 11, p. 2], whereas in the previous proceeding he alleges that he receives only one hour of recreation per week and enjoys "very little human contact," *Tabor v. Goodwin*, No. 18-621, Doc. No. 19. However, absent any elaboration or explanation from Plaintiff to distinguish the allegations, the minor differences are inconsequential.

Moreover, even assuming Plaintiff did sufficiently distinguish the allegations, it does not appear that he seeks relief, in this proceeding, for the deprivation of exercise and telephone access; rather, he simply includes these allegations in his explanation of what offenders generally experience on "34." [See doc. # 11, p. 2]. Further, to the extent he did experience these

As these conditions of confinement claims and allegations are duplicative, malicious, and frivolous, they should be dismissed[9] without prejudice to Plaintiff's right to prosecute the claims in the pending, duplicative proceeding.[10] See *Comeaux v. Cockrell*, 72 F. App'x 54, 55 (5th Cir. 2003) (approving the dismissal of only some claims—rather than an entire complaint—as duplicative and therefore malicious).[11]

---

conditions and does seek relief for enduring the conditions, the claims are entirely conclusory. Plaintiff does not, despite the undersigned's instructions, detail the conditions, the life necessities he lacked, or Defendant's culpability. See *Hewitt v. Henderson*, 271 F. App'x 426, 428 (5th Cir. 2008) (explaining that "deprivation of exercise claims should be evaluated on a case-by-case basis using, inter alia, the following criteria: (1) the size of the inmate's cell; (2) the amount of time the inmate spends locked in his cell each day; and (3) the overall duration of the inmate's confinement."); *Castillo v. Blanco*, 2007 WL 2264285 (E.D. La. 2007) (finding no violation where an inmate was denied the use of a telephone while housed in administrative segregation, "especially where adequate means of communication, such as access to the mail, [were] available").

[8] The undersigned specifically instructed Plaintiff to "provide the specific date that each event occurred." Plaintiff, however, has not provided any dates and otherwise makes no attempt to distinguish the allegations here from the claims he raises in the previous proceeding.

[9] That Plaintiff names an additional defendant in this proceeding does not change the result. See *Lewis*, 508 Fed. App'x at n.2; *Bailey*, 846 F.2d at 1021 (affirming dismissal where the "complaint repeats the same factual allegations that [the plaintiff] asserted in his earlier case, although he successively sued different defendants."); *Brown v. Louisiana*, 2010 WL 5582940, at *3 (W.D. La. Dec. 1, 2010).

[10] Because the companion suit remains pending, dismissal is without prejudice to Plaintiff's right to prosecute the claims in that proceeding. See *Pittman*, 980 F.2d at 995. The dismissal is otherwise with prejudice. See *Adele v. Rogers*, 669 F. App'x 264 (5th Cir. 2016).

[11] Even assuming Plaintiff's claims are not duplicative, the undersigned would recommend dismissal because Plaintiff does not allege that Defendant Coleman was involved in placing him on "34." Section 1983 provides in relevant part: "Every person who . . . *subjects, or causes to be subjected*, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 (emphasis added). If a person is not personally involved, then, *a fortiori*, he cannot subject another to, or cause, a deprivation of constitutional rights. See *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Tony Joseph Tabor's conditions of confinement claims relating to the deprivation of bedding, clothing, exercise, and telephone access be **DISMISSED** as frivolous and malicious **WITHOUT PREJUDICE** to Plaintiff's right to prosecute the claims in his previously-filed, pending proceeding.

**IT IS FURTHER RECOMMENDED** that Plaintiff's retaliation claim, his First Amendment claim concerning the deprivation of his Bible, his condition of confinement claim relating to unsanitary conditions, his claim concerning the change in his custodial classification, and his request to demote Defendant Coleman, be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief can be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

---

element of a civil rights cause of action.").
    Here, the undersigned instructed Plaintiff to amend and provide "a separate description of what, exactly, each Defendant did to violate his rights; in other words, a description of how each Defendant participated in the violation of his constitutional rights." [doc. # 10]. Plaintiff, however, provides insufficient detail: while he alleges that Coleman sprayed him with a chemical agent, he does not identify an actor responsible for confining him in the conditions associated with "34."

**(14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 3rd day of December, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE