UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**TONY JOSEPH TABOR #478277**           **CASE NO. 5:18-CV-01308 SEC P**

**VERSUS**                              **JUDGE S. MAURICE HICKS, JR.**

**VINCENT COLEMAN ET AL**               **MAGISTRATE JUDGE KAREN L. HAYES**

### REPORT AND RECOMMENDATION

Pro se Plaintiff Tony Tabor filed suit against Defendant Officer Vincent Coleman under 42 U.S.C. § 1983. The parties have filed cross motions for summary judgment. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court. For reasons that follow, it is recommended that Tabor's motion be **DENIED,** that Coleman's motion be **GRANTED,** and that Tabor's claims be **DISMISSED WITH PREJUDICE**.

### Background

This is a Section 1983 case stemming from an incident at Davis Wade Correctional Center ("DWCC") on February 7, 2017, when Coleman sprayed Tabor in his face with mace. Tabor is an offender in the custody of the Louisiana Department of Public Safety and Corrections and is currently imprisoned at Elayn Hunt Correctional Center in St. Gabriel, Louisiana.

On October 4, 2018, Tabor filed the instant proceeding, alleging his constitutional rights were violated when excessive force was used against him for no reason. [doc. # 1]. Tabor alleges that Coleman instructed him to "come to the cell bars" and then sprayed him with an excessive, "non-policy" amount of chemical agent in the eyes, nose, and mouth. [doc. #s 1, pp. 3-5; 11, p.1].

1

Conversely, Coleman says that on the evening of February 7, 2017, Tabor refused to stop yelling, was given several direct verbal orders to stop yelling, and was warned that he would be sprayed with a chemical agent if he did not comply. (doc. #s 31-4, ¶ 8; 31-5, ¶ 8). Because Tabor refused to stop yelling, Coleman sprayed Tabor with a short burst of mace to his head and shoulder area. *Id*. After the chemical agent took effect, Coleman verbally ordered Tabor to come to the bars to be restrained, and Tabor complied. *Id*. Tabor was then given the opportunity to receive medical care. *Id*. This version of events is supported by affidavits from Officer Terrance Haulcy and Officer Vince Coleman himself.

Tabor asks the Court to demote defendant, and he seeks $100,000, $250 for each day he was deprived of bedding, and an injunction prohibiting Coleman from using a "chemical agent to harm anyone else." [doc. #s 1, p. 7; 11, p.4].

On December 3, 2018, the undersigned issued a report and recommendation recommending that, with the exception of Tabor's excessive force claim, his claims be dismissed. [doc. # 12] On December 27, 2018, the District Judge adopted the report and recommendation. [doc. # 17].

On August 23, 2019, Coleman filed a motion for summary judgment. [doc. # 31]. On September 5, 2019, Tabor filed a cross-motion for summary judgment. [doc. # 33]. On October 4, 2019, Tabor filed a memorandum in opposition to Tabor's motion for summary judgment. [doc. # 37]. The matter is ripe.

## Summary Judgment Principles

Summary judgment is appropriate when the evidence before the court shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if proof of its existence or nonexistence would affect the

2

outcome of the lawsuit under the applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden in summary judgment and must demonstrate through portions of the pleadings, depositions, answers to interrogatories, admissions and/or affidavits that no genuine issue of material fact exists. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). Once the moving party has successfully demonstrated the absence of a genuine issue of material fact, the burden shifts to the non-moving party to show the opposite. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In doing so, the non-moving party may not merely rely on the allegations and conclusions contained within the pleadings; rather, he "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Furthermore, these specific facts must be shown through something more than "some metaphysical doubt as to the material facts, by conclusory unsubstantiated allegations, or by a mere scintilla of evidence." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

### Discussion

**a. Tabor does not produce any competent summary judgment evidence**.

Rule 56(c)(1)(A) of the Federal Rules of Civil Procedure requires a plaintiff asserting that a fact is genuinely disputed to support that assertion by:

> Citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

3

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(C)(1)(4).

28 U.S.C. § 1746 relaxes the requirement for an affidavit and grants an unsworn declaration made under the penalty of perjury the same effect, but only when the unsworn declaration is (1) "in writing of such a person which is subscribed by him," (2) declared "true under the penalty of perjury," and (3) dated. Unsworn documents are not competent summary judgment evidence. *Martin v. John W. Stone Oil Dist.*, 819 F.2d 547, 549 (5th Cir. 1987).

In response to Coleman's motion, Tabor filed his own motion for summary judgment, unaccompanied by a statement of material facts.[1] [doc. # 36]. The motion is not made under penalty of perjury, making it incompetent summary judgment evidence. Tabor claims that a videotape of the incident will prove the veracity of his allegations but fails to produce the video.[2] [doc. # 33, p. 1]. Tabor's complaint was also not made under penalty of perjury, making it incompetent summary judgment evidence. Thus, he has not produced any competent summary judgment evidence and his motion for summary judgment should be denied.

The uncontroverted evidence, as gleaned from the affidavits of Officer Coleman and Officer Haulcy, establishes the following facts:

1. On February 7, 2017, Major Vincent Coleman sprayed only a short burst of chemical agent to the head and shoulder area of Tabor following Tabor's refusal to comply with several orders to stop yelling and hold the noise.
2. On February 7, 2017, only the amount of force (chemical agent) necessary to prevent offender Tabor from continuing to create a disturbance, restore discipline and gain

---

[1] Tabor did not submit a memorandum in support of his motion but does include a discussion in the motion itself.
[2] Though his initial complaint stated Tabor intended to ask for "the video footage to be brought to light," he never filed a motion to compel this videotape. [doc. # 1, p. 4].

4

compliance was used following Tabor's refusal to comply with several orders to stop yelling.

### b. Coleman is entitled to qualified immunity because Tabor did not demonstrate a genuine dispute of material fact as to a violation of a constitutional right.

Qualified immunity often protects public officials from liability in Section 1983 actions brought against a person acting under the color of state law in his individual capacity.[3] The doctrine of qualified immunity shields government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation." *Ashcroft v. Iqbal*, 556 U.S. 662, 685, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal quotations and citations omitted).

Once the defendant, as he did here, raises a qualified immunity defense, the plaintiff carries the burden of demonstrating the inapplicability of qualified immunity. *See Floyd v. City of Kenner*, 351 Fed. Appx. 890, 893 (5th Cir. 2009). First, the court must determine whether the plaintiff demonstrated a genuine dispute of material fact as to a violation of a constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815 (2009). Second, the court must determine whether the constitutional right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Id*. A defendant can only be held liable if he violates a right that is clearly established at the time of the violation. *Id*.

---

[3] Though Tabor provides the court with citations to cases where the defendant was sued in his official capacity, he sues Coleman in his individual capacity.

5

When a prison official is accused of using excessive physical force in contravention of the Eighth Amendment's Cruel and Unusual Punishments Clause, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 999 (1992)(citing *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986)); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). At the time of the suit, it was clearly established that using mace does not constitute excessive use of force, when, as alleged by defendant Coleman, it is employed in response to an inmate's refusal to cease disruptive behavior that interferes with the facility's safety—even where the inmate is restrained inside of his cell. *See Scott v. Hanson*, 330 Fed. Appx. 490, 491 (5th Cir. 2009).

The competent summary judgment evidence produced by defendant establishes that Coleman's use of force was lawful. Coleman applied only the amount of mace necessary to maintain discipline after Tabor's disruptive behavior. Coleman neither intended to cause harm to Tabor nor used mace sadistically. Because the force applied to Tabor does not rise to the level of a constitutional violation, Coleman is entitled to summary judgment, unless Tabor produces competent summary judgment evidence in his objection to this report and recommendation.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant's motion for summary judgment [doc. # 31] be **GRANTED** and Plaintiff's claims be **DISMISSED** without prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion for summary judgment [doc. # 33] be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before making a final ruling.

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the District Judge.**

In Chambers, Monroe, Louisiana, this 16th day of December 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE