UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **TONY JOSEPH TABOR** | **CASE NO. 5:18-CV-01308 SEC P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **VINCENT COLEMAN, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

Before the undersigned magistrate, on reference from the District Court, are cross-motions for summary judgment filed by plaintiff Tony Tabor [doc. # 33] and remaining defendant, Vincent Coleman [doc. # 31]. Also before the court are plaintiff's letter-motions for an extension of time to comply [doc. # 40] and for production of video surveillance evidence [doc. # 41]. For reasons assigned below, it is again recommended that plaintiff's motion for summary judgment be DENIED, and that defendant's motion for summary judgment be GRANTED. It is further ordered that plaintiff's motions for extension of time and for production of video surveillance evidence are DENIED.

**Background**

On December 16, 2019, the undersigned issued a report recommending that plaintiff's motion for summary judgment be denied, that defendant's motion for summary judgment be granted, and that plaintiff's claims be dismissed. (Report and Recommendation ("R&R") [doc. # 38]). As modified below, the prior R&R is adopted by reference and made a part hereof as if copied in extenso.

On December 30, 2019, plaintiff filed a "MOTION TO ALTER Judgements [sic]," which the Clerk of Court docketed as an objection to the R&R. [doc. # 39]. In his objection, plaintiff stated, *inter alia*, that he had asked defense counsel to produce a copy of video footage from the

subject incident. *Id.* Plaintiff attached to his submission a copy of a motion to compel all video tape footage evidence for the cell camera of N-3, A-tier, cell one that he purportedly filed on August 25, 2019. *Id.*, Exh. 1.

On January 13, 2020, plaintiff filed the instant letter-motion in each of his three cases before this court (Civil Action Nos. 17-0907, 18-0621, and 18-1308), wherein he requested an extension of time to comply with "each issue in these three cases . . ." stemming from a delay associated with his legal mail. [doc. # 40]. By separate document, plaintiff submitted a copy of a motion to compel defendant to produce video footage from February 7, 2017, at David Wade Correctional Center ("DWCC"), N-3 Unit, A-tier, cell one, that he purportedly transmitted to opposing counsel on, or about April 10, 2018. [doc. # 41]. In his cover letter, however, plaintiff acknowledged that the original version of the motion that he sent to the Clerk of Court must have been lost in the mail. *Id.*

In light of plaintiff's objection and letter-motions, the District Court remanded the case to the undersigned for further consideration. (Feb. 28, 2020, Order [doc. # 42]). On March 2, 2020, the Clerk of Court issued notices that set briefing deadlines for plaintiff's motions. [doc. #s 44-45].

On March 23, 2020, defendant Vincent Coleman filed a response to the motions in which counsel represented that he never received a letter from plaintiff dated April 10, 2018, requesting video footage of the February 7, 2017, incident. (Def. Opp. Memo. [doc. # 46]). Defendant added that he did not even make an appearance in this matter until March 2019, i.e., almost one year after plaintiff purportedly sent his request for video surveillance evidence. *Id*. Furthermore, even if defendant had received a request for video footage regarding the February 7, 2017,

2

incident, he would have informed plaintiff that the DWCC purges and recycles the video feed from the server every thirty (30) days because of the facility's limited storage capacity. *Id.*

Plaintiff did not file a reply brief, and the time to do so has lapsed. *See* Notices of Motion Setting [doc. #s 44-45]. Accordingly, the matter is ripe.

## Discussion

As an initial matter, the discovery period in this case ended no later than July 15, 2019. *See* Dec. 3, 2018, Mem. Order [doc. # 13]. Further, there is no indication that plaintiff sought to compel defendant to produce video camera footage within that deadline. Even if he had, defendant represented that the footage was not preserved.[1] Needless to say, the court cannot compel defendant to produce evidence that he does not possess.

Rule 37 addresses a party's failure to preserve electronically stored information:

[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

**(1)** upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

**(2)** only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

**(A)** presume that the lost information was unfavorable to the party;

**(B)** instruct the jury that it may or must presume the information was unfavorable to the party; or

**(C)** dismiss the action or enter a default judgment.

Fed.R.Civ.P. 37(e).

---

[1] In the future, defense counsel should support such representations via declaration or affidavit from the proper custodian of DWCC's video footage.

3

Thus, four predicate elements must be established before Rule 37(e) applies:  1) the existence (at least at one time) of electronically stored information ("ESI") that should have been preserved;[2] 2) the ESI has been lost; 3) the ESI was lost because of a party's failure to take reasonable steps to preserve it; and 4) the ESI cannot be restored or replaced.  *UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, No. 17-365, 2019 WL 4738915, at *1 (W.D. Tex. Sept. 27, 2019).

Once the court determines that the foregoing elements have been established, *then* it may consider imposition of the appropriate responsive measure.  If a party has been prejudiced by the loss of the ESI, the court "*may* order measures no greater than necessary to cure the prejudice . . . ."  If, on the other hand, the court finds that the party who lost the ESI "acted with the intent to deprive another party of the information's use in the litigation," then the court *may* choose to impose one of three, more severe, sanctions.

Here, the record contains evidence that plaintiff asked the DWCC to preserve the camera footage in his initial grievance that he submitted to the DWCC on February 16, 2017.  [doc. # 26-1, pg. 5].  Certainly, at that point, the DWCC had notice that the video camera evidence was potentially relevant to the subject incident and that it needed to be preserved.  However, the evidence, assuming it existed, was not preserved.

---

[2] A party's duty to preserve evidence arises when "the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."  *Toth v. Calcasieu Parish*, Civ. Action No. 06-0998, 2009 WL 528245 (W.D. La. Mar. 2, 2009) (Trimble, J.) (citation and internal quotation marks omitted); *Dixon v. Greyhound Lines, Inc.*, Civ Action No. 13-0179, 2014 WL 6087226, at *3 (M.D. La. Nov. 13, 2014).  A person "anticipat[ing] being a party . . . to a lawsuit must not destroy unique, relevant evidence that might be useful to an adversary."  *Toth, supra*.  The duty to preserve extends to evidence that a party "knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request."  *Id*.

The question is whether the DWCC's omission may be attributed or extended to Coleman. To the extent that Coleman may be held responsible for the DWCC's failure to preserve ESI, plaintiff has not demonstrated that he was prejudiced by the loss of the ESI or that Coleman intended to deprive him of the use of the ESI.

The court emphasizes that plaintiff has not supported or opposed the pending motions for summary judgment with competent summary judgment such as his own affidavit or declaration made under penalty of perjury pursuant to 28 U.S.C. § 1746. Therefore, there is no indication that he in good faith contests defendant's version of events at all.

Furthermore, even if the lost ESI supported plaintiff's unsworn allegations, that does not change the outcome. According to plaintiff, Coleman administered up to three rounds of pepper spray in response to plaintiff's vocal outbursts. Afterwards, however, it is uncontroverted that plaintiff was seen by DWCC medical personnel, offered an eye wash, and permitted to shower. (Affidavit of Terrance Haulcy; Def. MSJ, Exh. 2 [doc. # 31-5]). His cell also was cleaned and sanitized. *Id.* Given the prompt remedial measures, plaintiff has failed to show that it was clearly established at the time that defendant's actions violated the Constitution. *See McCoy v. Alamu*, 950 F.3d 226, 233 (5th Cir.2020) (not clearly established that unwarranted pepper spraying was unconstitutional). Accordingly, defendant is entitled to qualified immunity.[3]

---

[3] Insofar as plaintiff also intended to sue Coleman in his official capacity, the court observes that official-capacity suits, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985) (citing, *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55 (1978)). To impose § 1983 liability against a government entity for the misconduct of one of its employees or officers, plaintiff must demonstrate that the constitutional deprivation was caused by a policy or custom of the entity. *Kohler v. Englade*, 470 F.3d 1104, 1115 (5th Cir. 2006) (citing *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-691, 98 S.Ct. 2018, 2036 (1978)). "In a Section 1983 case, the burden of proving the

## Conclusion

For the foregoing reasons,

IT IS ORDERED that plaintiff Tony Tabor's letter-motions for an extension of time to comply [doc. # 40] and for production of video surveillance evidence [doc. # 41] are DENIED.[4]

IT IS RECOMMENDED that defendant Vincent Coleman's motion for summary judgment [doc. # 31] be GRANTED and that plaintiff Tony Tabor claims be DISMISSED, *with prejudice*,[5] in their entirety.

IT IS FURTHER RECOMMENDED that plaintiff's motion for summary judgment [doc. # 33] be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before making a final ruling.

---

existence of an unconstitutional municipal policy or established custom rests upon the plaintiff." *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989). Plaintiff has not made the requisite showing here. In fact, he maintains that Coleman failed to follow DWCC use of force procedures.

[4] As these motions are not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[5] The initial R&R mistakenly recommended that plaintiff's claims be dismissed *without prejudice*.

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the District Judge.**

In Chambers, Monroe, Louisiana, this 22nd day of April 2020.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE